IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BECKELMAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NATIONWIDE PROPERTY & | : | NO. 23-4123 |
| CASUALTY INSURANCE COMPANY | : | |

MEMORANDUM

Bartle, J.                                          December 21, 2023

        Plaintiffs David Beckelman and his wife Elizabeth
Beckelman originally filed this action against their property
insurer Nationwide Property & Casualty Insurance Company
("Nationwide") in the Court of Common Pleas of Philadelphia
County.  Nationwide timely removed the action to this Court
based on diversity of citizenship and the requisite amount in
controversy.  See 28 U.S.C. § 1332(a).

        Plaintiffs allege in their amended complaint that they
suffered physical loss to their residence in Bucks County as a
result of a storm that occurred on or about April 1, 2023.  They
have sued Nationwide to recover for their loss under their
insurance policy.  In addition to a breach of contract claim,
plaintiffs assert in Count II a claim of bad faith under 42 Pa.
Cons. Stat. § 8371.  Nationwide has now moved to dismiss that
bad faith claim under Rule 12(b)(6) of the Federal Rules of
Civil Procedure on the ground that plaintiffs have not stated a
claim for relief.  See Fed. R. Civ. P. 12(b)(6).

For present purposes, the Court must accept as true all well-pleaded facts in plaintiffs' amended complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court may also consider "exhibits attached to the complaint and matters of public record."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).  The complaint must plead more than "labels and conclusions."  Twombly, 550 U.S. 545.  It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555) (internal quotations and alterations omitted).  Instead, it must contain sufficient factual content to state a claim that is plausible on its face. Id. at 678.

I

Plaintiffs promptly notified Nationwide of their loss. Under the insurance policy (attached to the Amended Complaint), once Nationwide is told of the loss, the insureds owe certain duties to Nationwide.  If the insureds fail to comply with those duties, Nationwide has no duty to provide coverage under the policy.  One of the duties owed by the insureds is to "make statements to us [Nationwide], including recorded interviews"

-2-

and to do so "as often as we [Nationwide] reasonably require."
Pl.'s Am. Compl. Ex. A, at 34 (Doc. #7-1).

During the course of Nationwide's investigation, its
adjuster demanded that plaintiffs submit to recorded interviews.
While plaintiffs agreed, the public adjuster representing them
asked Nationwide prior to the interviews to confirm that it
would provide him with "a copy of the complete recorded
interview transcript or the audio recording."  Nationwide
refused.  Its adjuster "implied" that Nationwide was under no
obligation to do so.  Plaintiffs' public adjuster then requested
the opportunity to attend the interviews and make a recording of
them.  Nationwide's adjuster denied the request and stated, "the
Public Adjusters' Act does not allow adjusters to attend
recorded interviews."[1]  The plaintiffs are willing to submit to
recorded interviews but not without their adjuster being present
to record the interviews or otherwise have an opportunity to
obtain a copy of the interviews.  In the meantime, the
adjustment of plaintiffs' claim remains at a standstill.

II

The Pennsylvania bad faith statute, 42 Pa. Cons. Stat.
§ 8371, provides that "[i]n an action arising under an insurance

---

1.   Contrary to what Nationwide's adjuster allegedly said, the
Pennsylvania Public Adjuster Act does not prohibit public
adjusters from attending recorded interviews.  63 Pa. Cons.
Stat. § 1601, et seq.

policy, if the court finds that the insurer acted in bad faith toward the insured," the court may award interest in the amount equal to the prime rate of interest plus 3%, award punitive damages, and assess court costs and attorneys' fees.[2]

The Superior Court of Pennsylvania, in Terletsky v. Prudential Property and Cas. Ins. Co., explained that bad faith "is any frivolous or unfounded refusal to pay proceeds of a policy." 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)). To establish bad faith, the plaintiff must prove by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim. Id. It is not necessary that the insured's refusal to pay rises to the level of fraud. Id. However, mere negligence or bad judgment is not bad faith. Id.

The Pennsylvania Supreme Court in Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364 (2017), has affirmed the test outlined in Terletsky. It further held that "proof of the insurer's subject motive of self-interest or ill-will, while

---

2.    Our Court of Appeals in Klinger v. State Farm Mut. Auto. Ins. Co. held that where, as here, plaintiffs seek punitive damages as a remedy in a statutory bad faith action under Section 8371, they have a right to a jury trial under the Seventh Amendment. 115 F.3d 230, 236 (3d Cir. 1997).

perhaps probative of the second prong of the above test, is not a necessary prerequisite to succeeding in a bad faith claim." Id. at 377.

Our Court of Appeals has explained that "[b]ad faith is a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured." Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999). It is also "failure to acknowledge or act promptly on the claims, or refusing to pay without reasonable investigation of all available information." Id. (citing Coyne v. Allstate Ins. Co., 771 F. Supp. 673, 678 (E.D. Pa. 1991)). In addition, insurers have an affirmative duty to "properly investigate claims prior to refusing to pay the proceeds of the policy to its insured." Gold v. State Farm Fire & Cas. Co., 880 F. Supp. 2d 587, 597 (E.D. Pa. 2012) (quoting Bombar v. W. Am. Ins. Co., 932 A.2d 78, 92 (Pa. Super. Ct. 2007)).

Plaintiffs allege that Nationwide has effectively denied them coverage by unreasonably refusing to investigate the claim until they forgo what plaintiffs deem to be a fair precondition: receiving a copy of any recorded interviews or allowing their adjuster to attend and record the interviews. Nationwide counters that the policy requires the plaintiffs to submit to recorded interviews and they have refused to do so.

-5-

It cannot proceed with its investigation without the recorded interviews.  Nationwide further maintains that it is under no obligation under the terms of the policy or otherwise to provide plaintiffs with a transcript or record of any interviews or to allow plaintiffs' adjuster to attend and record the proceedings.

The Court must decide whether the allegations of Nationwide's conduct are sufficient to constitute bad faith and allow this claim to proceed.  Nationwide cites Leo v. State Farm Mut. Auto Ins. Co. to support its position that no bad faith has been pleaded.  939 F. Supp. 1186, 1190-91 (E.D. Pa. 1996).  That case is inapposite.  There, plaintiff sought uninsured motorist benefits from her insurer after having been involved in a motor vehicle accident.  Id. at 1188-90.  The Court at the summary judgment stage rejected her position that State Farm had acted in bad faith for making the premature receipt of her statement under oath a precondition to evaluating her claim.  Id. at 1192-93.  The Court noted that the policy authorized State Farm to obtain such a statement at the time it was requested.  Id. at 1191.  Significantly, there was no issue about State Farm's denying plaintiff a copy of her statement.  Id. at 1191-93.

Here, in contrast, the plaintiffs are willing to provide the recorded interviews as mandated by the Nationwide policy.  They merely insist that Nationwide first agree to provide them with transcripts or recordings or in the

-6-

alternative, allow their adjuster to attend and make a recording.

Nationwide as noted above simply argues that there is no bad faith because the policy by its terms does not require Nationwide to provide what the plaintiffs seek.  While Nationwide is correct about the policy language, that fact does not end the inquiry.  A claim of bad faith clearly is not limited to a violation of the express terms of the policy.

Bad faith rests on the insurer's unreasonable conduct and its knowledge or reckless disregard of its lack of a reasonable basis in denying the claim.  Plaintiffs' amended complaint is fact-specific and not merely conclusionary.  It meets the plausibility standard under Iqbal.  See 556 U.S. at 678.  What Nationwide is alleged to have done in refusing to process the claim has obviously resulted in the de facto denial of coverage without any investigation into the facts of the claim.  See Frog, Switch & Mfg. Co., 193 F.3d at 751 n.9. Assuming the truth of plaintiffs' allegations, it is a question for the jury to decide whether Nationwide's conduct constitutes bad faith in not agreeing to provide its insureds with own their recorded statements or in not allowing its insureds to make their own recordings.

Plaintiffs have stated a viable claim for bad faith. The motion of Nationwide to dismiss Count II of the Amended Complaint will be denied.